The STATE of Ohio, Appellant,

v.

POUNDS, Appellee.█

[Cite as *State v. Pounds* (1993), 85 Ohio App.3d 207.]

Court of Appeals of Ohio,
Montgomery County.

No. 13494.

Decided Jan. 25, 1993.

*Lorine M. Reid,* Assistant Montgomery County Prosecuting Attorney, Appellate Division, for appellant.

*Kurt R. Portmann* and *Barbara V. Thompson,* for appellee.

---

WOLFF, Judge.

The state of Ohio appeals from an order dismissing an indictment charging Jerry L. Pounds with a violation of R.C. 2937.29.

The state advances two assignments of error:

"(1) The trial court erred in its finding that Section 2937.29, Ohio Revised Code, does not state an offense and in dismissing the indictment against defendant.

"(2) The trial court erred in ruling that R.C. 2937.29 can be violated only by a failure to appear as ordered before a court or magistrate."

We agree with the state as to its first assignment, and disagree with the state as to its second assignment. Because our disposition of the second assignment is dispositive of this appeal, the error of the trial court asserted in the first assignment is harmless.

■ The stipulated facts giving rise to this controversy are that Jerry Pounds was charged with aggravated burglary and appeared before the Dayton Municipal Court February 11, 1992, at which time bond was set at $5,000 cash. On February 20, 1992, the municipal court "reduced" the bond, and "set" bond at "CR/EHDP," which stands in part for "Electronic Home Detention Program." On March 16, 1992, Pounds failed to keep "a scheduled appointment with Pre-Trial Services," which was the basis of the indictment charging a violation of R.C. 2937.29.

R.C. 2937.29 provides:

"When from all the circumstances the court is of the opinion that the accused will appear as required, either before or after conviction, the accused may be released on his own recognizance. A failure to appear as required by such

recognizance shall constitute an offense subject to the penalty provided in section 2937.99 of the Revised Code."

R.C. 2937.99 provides in pertinent part:

"Whoever fails to appear as required, after having been released pursuant to section 2937.29 of the Revised Code, shall:

"(A) If the release was in connection with a charge of the commission of a felony or pending appeal after conviction of such felony, be fined no more than five thousand dollars or imprisoned in the penitentiary not less than one nor more than five years, or both[.]"

In determining that R.C. 2937.29 does not state an offense, the trial court stated:

"R.C. 2937.29 says a 'failure to appear as required by such recognizance shall constitute an offense.' What offense? The offense should be identified by a statute number and a name given to the offense and the prohibited conduct of a person should be set forth in the same form as all other criminal statutes. This Court does *not* find a statute that states 'no person shall fail to appear at a prescribed time before any pretrial reporting program.' Every criminal statute clearly and unambiguously prohibits certain conduct by stating 'no person * * * shall * * *.' This Court can not find a statute that prohibits the failure to appear before a pretrial agency of the court.

"There are no common-law crimes, only statutory crimes in Ohio. Since there is no statute establishing the crime of 'failure to appear' there can not be an indictment. R.C. 2937.29 provides a penalty but it does not describe 'the offense' or prohibit specific conduct. A failure to appear as required by paragraph two of the 'Conditions and Terms of Home Arrest Confinement' subjects the person to the sanctions of the court and constitutes a breach of the conditions of bail or personal recognizance. The remedy is direct court action and not State action to obtain an additional indictment for a felony."

In holding that R.C. 2937.29 fails to state an offense, we think the trial court went too far. The offense is "failure to appear as required by [the defendant's own] recognizance," which is readily ascertainable from the words of the statute. R.C. 2937.29 is not fatally flawed because it does not follow the usual format of other statutory sections that define and prohibit offenses. Nor does the statute fail to "prohibit specific conduct." R.C. 2937.29 prohibits failures to appear as required by the defendant's own recognizance.

The trial court, in addition to and prior to its above-quoted statement, observed that the pertinent provisions of R.C. Chapter 2937 and Crim.R. 46 discuss bail and alternatives to bail solely in the context of ensuring the

defendant's appearance before the court or magistrate, and the consequences of the defendant's failure to appear before the court or magistrate. Reading R.C. 2937.29 together with the other pertinent provisions of R.C. Chapter 2937, we are persuaded that the only appearances contemplated by the legislature in R.C. 2937.29 as required by the defendant's own recognizance are court appearances. Thus, Pounds's failure to keep a scheduled appointment with pretrial services was not an indictable offense. The Court of Appeals for Hancock County has come to the same conclusion in *State v. Hayes* (Jan. 14, 1983), Hancock App. No. 5–82–11, unreported, 1983 WL 7178.

The indictment was dismissed for failure to state an indictable offense. This was error, but harmless, for the above reasons. The first assignment is overruled. Because Pounds's conduct did not constitute an offense under R.C. 2937.29, dismissal of the indictment on that basis would have been proper. The second assignment is overruled.

The order appealed from will be affirmed.

*Judgment affirmed.*

BROGAN and FAIN, JJ., concur.