DECISION AND JUDGMENT ENTRY
{¶ 1} Paul Fusik appeals his conviction for Failure to Appear, arguing that the State of Ohio failed to prove that he was released on his "own recognizance." Fusik contends that he was released on a cash bond and, therefore, the court may forfeit the posted bond but may not convict him under R.C. 2937.99. The State responds that Fusik was released on both a cash bond and on his "own recognizance" because he was only required to post 10% of the total bond amount. We disagree with the State. Although a bond can be both an "own recognizance" and a cash bond, Fusik was not released on his "own recognizance." Therefore, there was insufficient evidence to convict him of Failure to Appear and we must reverse the judgment of the trial court.
 {¶ 2} In January 2003, Fusik was arrested and charged with one count of Intimidation in the Athens County Court of Common Pleas. The court set Fusik's bond at "$5,000 with 10% allowed" and ordered that he remain in Ohio. Fusik posted the $500 bond with the assistance of a surety, Kim Bailey, and both he and Ms. Bailey signed the following bond: "RECOGNIZANCE OF ACCUSED * * * BE IT REMEMBERED, that on FEBRUARY 23, 2002 PAUL FUSIK as principal and KIM BAILEY as surety personally appeared before me, and jointly and severally acknowledged themselves to owe the State of Ohio the sum of $500.00 CASH BOND (10% OF $5,000.00) to be levied on their goods and chattels, lands and tenements, if default be made in the condition following, to-wit: THE CONDITION OF THIS RECOGNIZANCE is such, that if the above bound PAUL FUSIK personally be and appear before said Court of Common Pleas at the term of said Court and until this cause is disposed of, then and there to answer a charge of INTIMIDATION and abide the order and judgment of the court, and not depart without leave, then this recognizance shall be void; otherwise it shall be and remain in full force and virtue in law." Fusik failed to appear for trial, but was later found and arrested. The grand jury indicted him on one count of Failure to Appear in violation of R.C.2937.99, a fourth degree felony.
 {¶ 3} After a jury found Fusik guilty of Failure to Appear, he appealed his conviction, assigning the following errors: "Assignment ofError I: The trial court erred by convicting Mr. Fusik for failing to comply with an own-recognizance bond when no judge made him subject to release on his own recognizance. Assignment of Error II: Mr. Fusik's conviction was against the manifest weight of the evidence."
 {¶ 4} In his first assignment of error, Fusik contends that the State failed to present sufficient evidence that he was released on his "own recognizance," which is necessary for finding that his failure to appear for trial was a violation of R.C. 2937.99. He contends that, since his release was on a cash bond, he was not released on his "own recognizance" and his failure to appear could result in forfeiture of the posted bond, but not a conviction for Failure to Appear.
 {¶ 5} An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. See, e.g., State v. Jenks (1991), 61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. Id., citing Jackson v. Virginia
(1979), 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560.
 {¶ 6} R.C. 2937.99(A) provides: "No person shall fail to appear as required, after having been released pursuant to section 2937.29 of the Revised Code. Whoever violates this section is guilty of failure to appear * * *."
R.C. 2937.29 states: "When from all the circumstances the court is of the opinion that the accused will appear as required, either before or after conviction, the accused may be released on his own recognizance. A failure to appear as required by such recognizance shall constitute an offense subject to the penalty provided in section 2937.99 of the Revised Code." Thus, a defendant can be guilty of Failure to Appear only when he is released on his "own recognizance" and "fail[s] to appear as required."
 {¶ 7} Fusik does not dispute that he failed to appear, but contends that he was not released on his "own recognizance." The State argues that Fusik was released on both a cash bond and on his "own recognizance"; thus, he is guilty of violating R.C. 2937.99(A).
 {¶ 8} "Bail is security for the appearance of an accused to appear and answer to a specific criminal or quasi-criminal charge in any court or before any magistrate at a specific time or at any time to which a case may be continued, and not depart without leave." R.C. 2937.22. The court may order various types of bail: (A) the deposit of cash by the accused or some other person for him; (B) the deposit of bonds by the accused or by some other person for him; or (C) a recognizance, the written undertaking by one or more persons to forfeit the sum of money set by the court or magistrate, if the accused is in default for appearance. Id. "A recognizance bond is in the nature of a conditional confession of judgment, i.e., by signing a recognizance bond, the defendant acknowledges that the monetary sum is already due, but that it is not subject to payment until the conditions of the recognizance are violated." State v. Larsen, Lawrence App. No. 00CA17, 2001-Ohio-2514. See, also, Crim.R. 46(A) (identifying the types of bail as: (1) the personal recognizance of the accused or an unsecured bail bond; (2) a bail bond secured by the deposit of ten percent of the amount of the bond in cash; and (3) a surety bond, a bond secured by real estate or securities as allowed by law, or the deposit of cash).
 {¶ 9} The State argues that neither the Revised Code nor the Criminal Rules preclude a bond from sharing the characteristics of an "own recognizance" and a cash bond. See State v. Ware (Apr. 21, 2000), Huron App. No. H-99-025, citing State v. Merlo (Apr. 29, 1981), Summit App. No. 9904. We agree but nonetheless conclude that the bond in this case was not an "own recognizance" bond.
 {¶ 10} Statutory language "`must be construed as a whole and given such interpretation as will give effect to every word and clause in it. No part should be treated as superfluous unless that is manifestly required, and the court should avoid that construction which renders a provision meaningless or inoperative.'" D.A.B.E., Inc. v. Toledo-LucasCty. Bd. of Health, 96 Ohio St.3d 250, 256, 2002-Ohio-4172, 773 N.E.2d 536, quoting State ex rel. Myers v. Spencer Twp. Rural School Dist. Bd. ofEdn. (1917), 95 Ohio St. 367, 372-373, 116 N.E. 516.
 {¶ 11} The legislature criminalized a defendant's failure to appear when he is released pursuant to R.C. 2937.29, but not his failure to appear when he is released on other types of bond.
R.C. 2937.29 uses the specific term "own recognizance," and not simply the term "recognizance." The legislature would not have inserted the word "own" if it had intended to criminalize a defendant's failure to appear when he is released on any recognizance bond. Moreover, both Crim.R. 46(A) and R.C. 2937.22 clearly distinguish between a bond requiring a cash deposit and a recognizance bond. Therefore, we conclude that they are not identical.
 {¶ 12} A personal recognizance or one's "own recognizance" is "a written undertaking of a defendant unsecured by others on his behalf."Merlo, supra. See, also, 1987 Ohio Atty.Gen.Ops. No. 87-016 (a release on personal recognizance is one in which no bond is required and the defendant acknowledges personally without sureties that he will appear in court); Black's Law Dictionary 6th Ed. (1990) (defining "release on own recognizance" as "[a] species of bail in which the defendant acknowledges personally without sureties his obligation to appear in court at the next hearing or trial date of his case"). Since Ms. Bailey deposited $500 in cash to secure Fusik's release and signed the recognizance along with him as a surety, we conclude that Fusik was not released on his "own recognizance." See State v. Sciance (June 2, 1998), Muskingum App. No. CT-97-0037 (bond of $20,000 secured by real estate, cash, sureties, or execution of appearance bond with ten percent of amount was not an "own recognizance" bond).
 {¶ 13} In State v. Larsen, Lawrence App. No. 00CA17, 2001-Ohio-2514, the defendant signed a recognizance bond acknowledging that he owed "the State of Ohio $25,000 dollars [sic] to be levied on [his] goods and chattels, land and tenements * * *" conditioned on his personal appearance in court. If he appeared as required, the recognizance would be void; however, if he failed to appear, the recognizance would "remain in full force and virtue in law." We found that Larsen was released on his "own recognizance" and upheld his conviction for Failure to Appear. The State asks us to follow Larsen and conclude that Fusik was also released on his "own recognizance."
 {¶ 14} The relevance of our holding in Larsen to this case is questionable for several reasons. First, Larsen pled guilty to the charge of Failure to Appear, waiving his right to appeal the sufficiency of the State's evidence against him. He challenged only the sentence imposed by the trial court; therefore, any discussion as to whether Larsen was released on his "own recognizance" is mere dicta. More importantly, in light of our more detailed examination of R.C. 2937.99 and the various types of bail a trial court may authorize, supra, the continuing viability of Larsen is in question.
 {¶ 15} We also reject the State's assertion that Fusik was released on his "own recognizance" because the language in the "Recognizance of Accused" he signed mirrors the form a recognizance bond should follow as delineated in R.C. 2937.44. As we previously indicated, a bond can be a recognizance bond even if a defendant is not released on his "own recognizance."
 {¶ 16} Moreover, a deputy clerk in the Athens County Clerk of Court's Office testified that her office uses a computer generated bond form with blanks, which the employees of the office complete. Tr. at 108. The identical "Recognizance of Accused" form signed by Fusik and Ms. Bailey is employed regardless of whether a defendant is "signing a signature bond which guarantees [he] will reappear * * * [or] * * * be responsible for a monetary amount", or if he is "having someone post actual money." Id. In other words, the clerk's office uses the same form titled "Recognizance of Accused" regardless of whether the defendant is signing an actual recognizance or posting a cash bond.
 {¶ 17} Here, the language used in the "Recognizance of Accused" is technically incorrect. The form signed by Fusik and Ms. Bailey indicates that they will be responsible for the sum of $500 cash bond only if default is made, i.e., Fusik fails to appear. In actuality, Ms. Bailey deposited the $500 with the clerk's office in order to secure Fusik's release. Therefore, she was already responsible for the bond, although it would be returned if Fusik reported to court as required.
 {¶ 18} As Fusik notes in his brief, the court is responsible for setting the conditions of a defendant's bond. R.C. 2937.09. Although the clerk of court is a ministerial officer, performing administrative tasks which a judge of the court would otherwise do, the clerk is not a judicial officer and cannot perform judicial duties or exercise judicial power. State v. Wilson (1995), 102 Ohio App.3d 467, 471-472,657 N.E.2d 518. Since the court set Fusik's bond at "$5,000 with 10% allowed," the clerk has no authority to modify the terms of the bond simply by using a form titled "Recognizance of Accused."
 {¶ 19} While we understand the State's desire to punish offenders who fail to comply with the terms of their bond, the legislature has clearly distinguished between the various types of bonds and elected to criminally punish only those offenders who fail to comply with the terms of their "own recognizance" bonds. Since the court did not release Fusik on his "own recognizance," he could not be convicted under R.C. 2937.99. Therefore, we sustain Fusik's first assignment of error.
 {¶ 20} Fusik's second assignment of error is rendered moot by our holding. We reverse Fusik's conviction as being supported by insufficient evidence.
JUDGMENT REVERSED.