OPINION
{¶ 1} Defendant-appellant Mark Tucker appeals his sentence from the Fairfield County Court of Common Pleas on one count of failure to appear. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On December 5, 2003, the Fairfield County Grand Jury indicted appellant on one count of failure to appear in violation of R.C. 2937.29
and 2937.99, a felony of the fourth degree. The indictment specifically alleged that appellant had failed to appear on November 12, 2003, as required by his recognizance bond, for sentencing on charges of forgery, taking the identity of another and possession of criminal tools. On March 12, 2004, appellant entered a plea of not guilty to the charge.
 {¶ 3} After appellant waived his right to a jury trial, the parties appeared before the trial court on May 28, 2004, and agreed to have the matter submitted to the trial court based on stipulations and exhibits.[1] The facts, as stipulated to by the parties, are as follows.
 {¶ 4} On February 21, 2003, appellant was indicted on one count each of forgery, taking the identity of another, possession of criminal tools, and tampering with records. After appellant failed to appear for his trial on July 8, 2003, a capias was issued for his arrest. Appellant was arrested on September 11, 2003.
 {¶ 5} Thereafter, on September 19, 2003, the trial court, at the recommendation of the Prosecutor, set a $10,000.00 10% bond and a $5,000.00 unsecured appearance bond. Appellant, after posting both bonds, was released from jail on September 19, 2003. Thereafter, on November 6, 2003, appellant appeared before the trial court and entered a plea of guilty to one count of forgery, one count of taking the identity of another, and one count of possession of criminal tools. Although appellant was told to appear for sentencing on November 12, 2003, appellant failed to appear, leading to the charge in the case sub judice.
 {¶ 6} In addition to the stipulations and exhibits, the parties filed trial briefs with the trial court.
 {¶ 7} Subsequently, the parties appeared before the trial court again on July 7, 2004. On such date, the trial court found appellant guilty of one count of failure to appear. After rejecting appellant's argument that a prison sentence was precluded by the nature of the bond executed by appellant in the underlying case, the trial court sentenced appellant to six months in prison.
 {¶ 8} Appellant now raises the following assignment of error on appeal:
 {¶ 9} "THE TRIAL COURT COMMITTED HARMFUL ERROR IN SENTENCING THE DEFENDANT-APPELLANT TO A TERM OF IMPRISONMENT ON THE CHARGE OF FAILURE TO APPEAR."
 I {¶ 10} Appellant, in his sole assignment of error, argues that the trial court erred in sentencing him to prison on the charge of failure to appear when "the sole penalty that could be imposed in connection with his failure to appear for his sentencing hearing in the underlying case was the forfeiture of the bond posted on his behalf." We disagree.
 {¶ 11} In the case sub judice, the court found appellant guilty of violating R.C. 2937.29. Revised Code 2937.29 states as follows: "When from all the circumstances the court is of the opinion that the accused will appear as required, either before or after conviction, the accused may be released on his own recognizance. A failure to appear as requiredby such recognizance shall constitute an offense subject to the penalty provided in section 2937.99 of the Revised Code." (Emphasis added). As noted by the court in State v. Fusik, Athens App. No. 04CA28,2005-Ohio-1056, "[t]he legislature criminalized a defendant's failure to appear when he is released pursuant to R.C. 2937.29 [on a recognizance bond], but not his failure to appear when he is released on other types of bond." Id. at paragraph 11.
 {¶ 12} In turn, R.C. 2937.99 states, in relevant part, as follows: "A) No person shall fail to appear as required, after having been released pursuant to section 2937.29 of the Revised Code. Whoever violates this section is guilty of failure to appear and shall be punished as set forth in division (B) or (C) of this section.
 {¶ 13} "(B) If the release was in connection with a felony charge or pending appeal after conviction of a felony, failure to appear is a felony of the fourth degree.
 {¶ 14} "(C) If the release was in connection with a misdemeanor charge or for appearance as a witness, failure to appear is a misdemeanor of the first degree."
 {¶ 15} Appellant specifically maintains that the trial court erred in sentencing him to prison because he posted a surety bond and "that by posting a surety bond, he precluded the trial court from imposing a prison sanction when he failed to appear as required."
 {¶ 16} As is stated above, the parties in this case stipulated that appellant was released from jail upon posting a $10,000.00 10% bond and an unsecured recognizance bond in the sum of $5,000.00.
 {¶ 17} In State v. Sciance (June 2, 1998), Muskingum App. No. CT97-0037, 1998 WL 346855, the appellant argued that the trial court erred in sentencing him to prison on the charge of failure to appear in violation of R.C. 2937.43[2] because the bond he posted was an appearance bond and not a recognizance bond and, therefore, the proper penalty was forfeiture of the bond rather than prison.
 {¶ 18} In Sciance, the trial court set bond at $20,000 to be secured as follows:
 {¶ 19} "(A) Execution of an appearance bond secured by
 {¶ 20} 1. real estate located in Muskingum County.
 {¶ 21} 2. the deposit of cash.
 {¶ 22} 3. sufficient solvent sureties.
 {¶ 23} (B) Execution of an appearance bond with ten percent (10%) of the said sum in accordance with Criminal Rule 46."
 {¶ 24} The bond that the appellant in Sciance signed on July 23, 1997 was titled Recognizance of Accused (Appearance Bond) and stated as follows:
 {¶ 25} "The condition of this recognizance is such that if the above bound defendant personally appears at all times required by this Court and complies with the orders of the Court and conditions of this bond the same shall be void; otherwise, it shall remain in full force and effect."
 {¶ 26} This Court, in Sciance, in holding that the appellant's bond was not an "own recognizance bond" as described in R.C. 2937.29 and that, therefore, the trial court erred in sentencing appellant to prison, stated, in relevant part, as follows:
 {¶ 27} "The question is whether this bond was a recognizance bond pursuant to R.C. 2937.29. The caption and the body of R.C. 2937.29 refers to release on "own recognizance." Release on own recognizance is defined as "a condition under which an individual is released in lieu of bail, i.e., upon his or her promise to appear and answer a criminal charge." Barron's Law Dictionary (3 Ed. 1991) 407.
 {¶ 28} "Crim. R. 46 governs bail. Subsections (C)(3) and (4) provide for preconviction release as follows:
 {¶ 29} "(C) Preconviction Release in Serious Offense Cases. Any person who is entitled to release under division (A) of this rule shall be released on personal recognizance or upon the execution of an unsecured appearance bond in an amount specified by the judge or magistrate, unless the judge or magistrate determines that release will not ensure the appearance of the person as required. Where a judge or magistrate so determines, he or she, either in lieu of or in addition to the preferred methods of release stated above, shall impose any of the following conditions of release that will reasonably ensure the appearance of the person for trial or, if no single condition ensures appearance, any combination of the following conditions:
 {¶ 30} "(3) Require the execution of an appearance bond in a specified amount, and the deposit with the clerk of the court before which the proceeding is pending of either twenty-five dollars or a sum of money equal to ten percent of the amount of the bond, whichever is greater. Ninety percent of the deposit shall be returned upon the performance of the conditions of the appearance bond;
 {¶ 31} "(4) Require the execution of bail bond with sufficient solvent sureties, the execution of a bond secured by real estate in the county, or the deposit of cash or the securities allowed by law in lieu of a bond;
 {¶ 32} "Appellant's bond was the type of bond described in Crim. R. 46(C)(3) and defined in R.C. 2937.281. The bond was not an "own recognizance bond" as described in R.C. 2937.29. We concur with the Attorney General of Ohio that the penalty for failure to appear under a bond pursuant to R.C. 2937.281 is forfeiture of the bond. See, 1987 Ohio Atty.Gen.Ops. No. 87-016. The trial court erred in sentencing appellant to a term of imprisonment under R.C. 2937.99." Id at p. 2.[3]
 {¶ 33} Unlike Sciance, in the case sub judice, there were two separate and distinct bonds. While one bond was a $10,000.00 10% bond, the other was an unsecured recognizance bond in the sum of $5,000.00 that was signed only by appellant. In State v. Ware (April 21, 2000), Huron App. No. H-99-025, 2000 WL 426209, the trial court required the appellant to post both a personal recognizance and a cash or bail bond. The appellant was released after posting both a personal recognizance and a bail bond in the amount of $10,000.00. After the appellant failed to appear for sentencing, he was indicted for failure to appear in violation of R.C. 2937.29 and 2937.99(B).
 {¶ 34} On appeal, the appellant, in Ware, cited this Court's Sciance
case for the proposition that he could not be found guilty of violating R.C. 2937.29 and 2937.99 because his was not a recognizance bond pursuant to R.C. 2937.29. The Sixth District Court of Appeals, in rejecting the appellant's argument, noted that whereas Ware was required to post both a personal recognizance and a cash or bail bond, the appellant, in Sciance,
only executed an "appearance" bond. The court, in Ware, further stated as follows:
 {¶ 35} "Furthermore, this court finds persuasive State v. Merlo (April 29, 1981), Summit App. No. 9904, unreported. In Merlo, the defendant, released on a combination of recognizance and a surety bond, also argued that he should not be subject to a R.C. 2937.29. The Merlo court stated the following:
 {¶ 36} "It is our opinion that so long as the court requires from defendant a recognizance as a condition of defendant's release during a criminal proceeding and that recognizance is a part of, or is the totalcondition of defendant's release, defendant is subject to possiblecriminal liability as result of his failure to obey the terms of therecognizance. Thus where, as here, defendant is alleged to have posted a recognizance in a low dollar amount secured by defendant's own signature, plus posting a surety bond in a sizeable dollar amount, indictment may be predicated on defendant's failure to appear as conditioned by the recognizance and ordered by the court. We note, as did the trial judge, * * * that the words `solely' or `only' do not appear in or refer to the recognizance spoken of in R.C. 2937.29. * * *" Id at 1.[4] (Emphasis added).[5]
 {¶ 37} Since appellant, like the appellant in Ware, executed two separate bonds and one of those bond was a recognizance bond, the posting of which was a condition of appellant's release, we find that the trial court did not err in sentencing him to prison for failure to appear.
 {¶ 38} Appellant's sole assignment of error is, therefore, overruled.
 {¶ 39} Accordingly, the judgment of the Fairfield County Court of Common Pleas is affirmed.
Edwards, J. Boggins, P.J. and Farmer, J. concur
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Fairfield County Court of Common Pleas is affirmed. Costs assessed to appellant.
[1] Although the exhibits were marked as State's Exhibits A, B, and C, appellant agreed to their admission.
[2] Revised Code 2937.43 states as follows: "Should the accused fail to appear as required, after having been released pursuant to section 2937.29
of the Revised Code, the court having jurisdiction at the time of such failure may, . . . issue a warrant for the amount of such accused."
[3] Crim. R. 46 has since been amended. Such rule now provides, in relevant part, as follows:
"(A) Types and amounts of bail.
"Any person who is entitled to release shall be released upon one or more of the following types of bail in the amount set by the courts:
"(1) The personal recognizance of the accused or an unsecured bail bond;
"(2) A bail bond secured by the deposit of ten percent of the amount of the bond in cash. Ninety percent of the deposit shall be returned upon compliance with all conditions of the bond;
"(3) A surety bond, a bond secured by real estate or securities as allowed by law, or the deposit of cash, at the option of the defendant."
[4] See also State v. Fusik, Athens App. No. 04CA28, 2005-Ohio-1056. InFusik, the appellant was convicted of failure to appear. On appeal, the appellant argued that the State failed to prove that he was released on his "own recognizance" and that because he was released on a cash bond, the court could only order forfeiture of the cash bond.
While recognizing that a bond can be both an "own recognizance" and a cash bond, the appellate court found that appellant had not been released on his "own recognizance" and therefore, could not be convicted of failure to appear under R.C. 2937.99. The court, in so holding, noted that the recognizance bond had been signed by a Ms. Bailey in addition to appellant and that, therefore, the appellant had not been released on his "own recognizance." (Emphasis added).
[5] The trial court at the hearing on July 7, 2004, specifically cited to Ware and Merlo in finding that it had authority to sentence appellant to prison for failure to appear. The trial court in a July 7, 2004, Opinion, further noted that this Court, in Sciance, never addressed "whether a defendant who executes both a recognizance bond and another type of bond, . . . could properly be convicted and sentenced for failure to appear in violation of O.R.C. Section 2937.29 and 2937.99."