OPINION
{¶ 1} The relevant facts leading to this appeal are as follows. On March 25, 2005, Appellant Kenneth E. Frost was indicted on one count of Failure to Appear, in violation of R.C.2937.99, a felony of the fourth degree. The indictment charged that appellant failed to appear for a jury trial on March 17, 2005, in common pleas case number 04 CRI 08355.
 {¶ 2} In the case sub judice, appellant pled not guilty to the charge of failure to appear, and the matter proceeded to a jury trial on May 26, 2005. At trial, the State called as its witnesses Court Reporter Carolyn Law and appellant's original defense counsel, Keith Boger. Appellant thereafter took the stand in his own defense.
 {¶ 3} At the conclusion of the evidence, the jury found appellant guilty as charged. The court thereafter sentenced appellant to seventeen months in prison.
 {¶ 4} On June 8, 2005, appellant filed a notice of appeal, and herein raises the following three Assignments of Error:
 {¶ 5} "I. THE JURY'S VERDICT OF GUILTY WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE PRESENTED AT THE TRIAL OF THIS MATTER.
 {¶ 6} "II. THE COURT COMMITTED REVERSIBLE ERROR IN SENTENCING THE DEFENDANT TO A PRISON TERM FOR A FOURTH DEGREE FELONY.
 {¶ 7} "III. THE TRIAL COURT ERRED BY SENTENCING MR. FROST TO A NON-MINIMUM PRISON TERM BASED ON FACTS NOT FOUND BY THE JURY OR ADMITTED BY MR. FROST."
 I. {¶ 8} In his First Assignment of Error, appellant argues the trial court's verdict of failure to appear is against the manifest weight of the evidence. As our reading of appellant's argument indicates he is actually asserting a sufficiency of the evidence claim, we will proceed accordingly. Thus, "[t]he relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." State v. Jenks (1991),61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus.
 {¶ 9} R.C. 2937.99(A) states: "No person shall fail to appear as required, after having been released pursuant to section2937.29 of the Revised Code. Whoever violates this section is guilty of failure to appear and shall be punished as set forth in division (B) or (C) of this section." In turn, R.C. 2937.29
states as follows: "When from all the circumstances the court is of the opinion that the accused will appear as required, either before or after conviction, the accused may be released on his own recognizance. A failure to appear as required by such recognizance shall constitute an offense subject to the penalty provided in section 2937.99 of the Revised Code." In State v.Pounds (1993), 85 Ohio App.3d 207, 619 N.E.2d 487, the Second District Court of Appeals recognized that R.C. 2937.29 does not follow the usual format of other statutory sections that define and prohibit offenses. However, the statute "prohibits failures to appear as required by the defendant's own recognizance." Id. at 209.
 {¶ 10} The focus of appellant's argument is the evidence in the record that although Ms. Law noted at trial appellant's signature on the recognizance bond form (Tr. at 20), she conceded she had never previously examined his signature. Tr. at 34.[1] Furthermore, appellant's original defense counsel, Keith Boger, testified that he was not present when the recognizance form was filled out. Tr. at 65.
 {¶ 11} Nonetheless, the core issue before us is whether the State proved that appellant had been "released on his own recognizance" per R.C. 2937.29. Release on one's own recognizance is defined as "a condition under which an individual is released in lieu of bail, i.e., upon his or her promise to appear and answer a criminal charge." State v. Tucker, Fairfield App. No. 2004CA00048, 2005-Ohio-4959, ¶ 27, citing Barron's Law Dictionary (3 Ed. 1991) 407. We conclude this issue is not solely dependent on the identity of the signature on the recognizance form, where there is other evidence in the record that a defendant was indeed released on his or her own recognizance.
 {¶ 12} In the case sub judice, in addition to Ms. Law's testimony, the State provided the jury with a certified copy of the trial court's judgment entry of October 11, 2004, case number 04CR-I-08-355, releasing appellant on his own recognizance. State's Exhibit 2. Appellant does not herein dispute the veracity of said judgment entry. The jury was also provided with a copy of the transcript of a status conference hearing from January 10, 2005 in that case, wherein defense counsel discussed the recognizance judgment entry of October 11, 2004. State's Exhibit 5. Furthermore, Attorney Boger testified in the trial sub judice that appellant did in fact receive a recognizance bond in case number 04CR-I-08-355. See Tr. at 68.
 {¶ 13} In light of the foregoing, we find reasonable jurors would have found appellant committed the offense of failure to appear, pursuant to R.C. 2937.99(A), beyond a reasonable doubt. Appellant's First Assignment of Error is therefore overruled.
 II. {¶ 14} In his Second Assignment of Error, appellant contends the trial court erred in sentencing him to a prison term on a fourth-degree felony.
 {¶ 15} R.C. 2929.13 provides guidance according to the degree of the felony. Section (B)(1) of this statute addresses fourth and fifth degree felonies. Under this section of the statute, a trial court is required to determine whether any of the following factors apply:
 {¶ 16} "(a) In committing the offense, the offender caused physical harm to a person.
 {¶ 17} (b) In committing the offense, the offender attempted to cause or made an actual threat of physical harm to a person with a deadly weapon.
 {¶ 18} (c) In committing the offense, the offender attempted to cause or made an actual threat of physical harm to a person, and the offender previously was convicted of an offense that caused physical harm to a person.
 {¶ 19} (d) The offender held a public office or position of trust and the offense related to that office or position; the offender's position obliged the offender to prevent the offense or to bring those committing it to justice; or the offender's professional reputation or position facilitated the offense or was likely to influence the future conduct of others.
 {¶ 20} (e) The offender committed the offense for hire or as part of an organized criminal activity.
 {¶ 21} (f) The offense is a sex offense that is a fourth or fifth degree felony violation of section 2907.03, 2907.04,2907.05, 2907.22, 2907.31, 2907.321, 2907.322, 2907.323, or2907.34 of the Revised Code.
 {¶ 22} (g) The offender at the time of the offense was serving, or the offender previously had served, a prison term.
 {¶ 23} (h) The offender committed the offense while under a community control sanction, while on probation, or while released from custody on a bond or personal recognizance.
 {¶ 24} (i) The offender committed the offense while in possession of a firearm."
 {¶ 25} Pursuant to R.C. 2929.13(B)(2)(a), "[i]f the court makes a finding described in division (B)(1)(a), (b), (c), (d), (e), (f), (g), (h), or (i) of this section and if the court, after considering the factors set forth in section 2929.12 of the Revised Code, finds that a prison term is consistent with the purposes and principles of sentencing set forth in section2929.11 of the Revised Code and finds that the offender is not amenable to an available community control sanction, the court shall impose a prison term upon the offender."[2]
 {¶ 26} In the case sub judice, we find the trial court partially complied with the above statutory guidance by noting "it's very clear to me that [appellant is] a career criminal," and that he had previously been in prison on two occasions. Sentencing Tr. at 10. See R.C. 2929.13(B)(1)(g). However, in regard to R.C. 2929.13(B)(2)(a), we note the following pertinent statements by the trial judge:
 {¶ 27} "The Court feels that a sentence is appropriate, based upon your record, I think that the court is of the opinion that the presumption, called a presumption as to a felony of the fourth degree, that you should receive community control sanctions, that is overcome in this case, clearly overcome, that community control sanctions would not be appropriate. The Court does not feel that you are amenable to community control sanctions. * * *" Sentencing Tr. at 10-11.
 {¶ 28} We note 2929.13(B)(2)(a), while not requiring the trial court give its reasons for making its findings, nonetheless requires the court to "consider" the factors in R.C. 2929.12 (seeState v. Hall (Feb. 28, 2000), Stark App. No. 1999CA00264), as well as making a finding as to whether "a prison term is consistent with the purposes and principles of sentencing set forth in section 2929.11 of the Revised Code." Upon review, we find these considerations were not accomplished in the case sub judice, and reversal for a new sentencing hearing is warranted.
 {¶ 29} Appellant's Second Assignment of Error is therefore sustained.
 III. {¶ 30} In his Third Assignment of Error, appellant contends, citing Blakely v. Washington (2004), 124 S.Ct. 2531, that the trial court erroneously sentenced him to a non-minimum prison term on his fourth-degree felony.
 {¶ 31} The Ohio Supreme Court in Foster, supra, in order to remedy Ohio's felony sentencing statutes, severed theBlakely-offending portions that either create presumptive minimum or concurrent terms or require judicial factfinding to overcome the presumption. Foster at ¶ 97. Thus, the Court concluded, inter alia, "* * * that trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." Id. at ¶ 100.
 {¶ 32} Accordingly, because appellant's "more than the minimum" sentence is based upon an unconstitutional statute that is deemed void, this matter is remanded to the trial court for a new sentencing hearing.
 {¶ 33} Appellant's Third Assignment of Error is sustained.
 {¶ 34} For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Delaware County, Ohio, is hereby affirmed in part, reversed in part, and remanded for a new sentencing hearing.
Wise, P.J.
Edwards, J., concurs.
Hoffman, J., concurs in part and dissents in part.
[1] The signature on the form was notarized by Deputy Clerk Donna Golden. In addition, Ms. Law testified that the form was the type used in such situations and is usually filled out in the clerk of court's office. Tr. at 20.
[2] The constitutionality of 2929.13(B)(2)(a) under a Blakely
analysis was recently affirmed by the Ohio Supreme Court. Statev. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, ¶ 69.