OPINION
{¶ 1} On June 24, 2003, the Ashland County Grand Jury indicted appellant, David Allenbaugh, on four counts of rape in violation of R.C.2907.02 and four counts of sexual battery in violation of R.C. 2907.03
(Case No. 03CRI072). Said charges arose from incidents involving appellant's stepdaughter.
 {¶ 2} On June 8, 2004, the trial court ordered appellant to post a personal recognizance bond and a $10,000.00 bail bond. Appellant posted the bonds and was released from jail pending trial. Appellant failed to appear for a September 20, 2004 pretrial. As a result, a bench warrant was issued. On October 26, 2004, the Ashland County Grand Jury indicted appellant for failure to appear in violation of R.C. 2937.99 (Case No. 04CRI092).
 {¶ 3} On November 7, 2005, appellant pled guilty to one count of attempted rape in Case No. 03CRI072 and the failure to appear charge in Case No. 04CRI092. The remaining charges were dismissed. A sexual predator hearing was held on January 17, 2006. By judgment entries filed January 18, 2006, the trial court sentenced appellant to eight years on the attempted rape count and eighteen months on the failure to appear count, to be served consecutively, and classified appellant as a sexual predator.
 {¶ 4} Appellant filed an appeal in each case and this matter is now before this court for consideration. Assignments of error are as follows:
 I {¶ 5} "THE SENTENCES IN THESE CASES ARE BASED ON UNCONSTITUTIONAL STATUES AND THE CASES MUST BE REMANDED FOR RE-SENTENCING."
 II {¶ 6} "THE TRIAL COURT ERRED IN FINDING THAT A MANDATORY PRISON TERM WAS REQUIRED FOR THE CRIME OF ATTEMPTED RAPE, AND IN NOT FULLY ADVISING MR. ALLENBAUGH OF THIS PENALTY."
 III {¶ 7} "THE SEXUAL PREDATOR FINDING IS CONTRARY TO LAW DUE TO THE SENTENCING COURT'S NONCOMPLIANCE WITH THE STATUTES, AND THE FINDING WAS ALSO NOT JUSTIFIED BY THE FACTS."
 IV {¶ 8} "THE SENTENCING JUDGE IMPOSED A CONSECUTIVE SENTENCE IN THIS CASE WHICH EXCEEDS THE MAXIMUM PRISON TERM ALLOWED BY 2929.14(A) FOR THE MOST SERIOUS OFFENSE OF WHICH HE WAS CONVICTED."
 V {¶ 9} "THE LOWER COURT COMMITTED PLAIN ERROR BY ACCEPTING A GUILTY PLEA FOR THE CRIME OF FAILURE TO APPEAR WHEN THE DEFENDANT WAS NOT RELEASED ON HIS OWN RECOGNIZANCE."
VI
 {¶ 10} "MR. ALLENBAUGH SUFFERED INEFFECTIVE ASSISTANCE OF COUNSEL IN CASE NO. 04-CRI-092, IN VIOLATION OF HIS CONSTITUTIONAL RIGHTS, WHEN HIS COUNSEL ALLOWED HIM TO PLEAD GUILTY TO AN OFFENSE WHICH WAS NOT A CRIME; AND MR. ALLENBAUGH COULD NOT HAVE KNOWINGLY PLED GUILTY PURSUANT TO CRIM.R. 11 BECAUSE HIS ATTORNEY DID NOT ADVISE HIM THAT HIS ACT WAS NOT A CRIME."
 VII {¶ 11} "THE SENTENCING JUDGE COMMITTED PLAIN ERROR IN CASE NO. 04-CRI-092 BY SENTENCING THE APPELLANT TO PRISON FOR A FOURTH DEGREE FELONY."
VIII
 {¶ 12} "THE COURT COMMITTED PLAIN ERROR BY SENTENCING MR. ALLENBAUGH TO MORE THAN MINIMUM PRISON TERMS."
 I, IV, VII, VIII {¶ 13} Appellant claims the trial court erred in sentencing him. We agree.
 {¶ 14} Specifically, appellant argues the trial court sentenced him under unconstitutional statutes based upon the Supreme Court of Ohio's opinion in State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, wherein theFoster court held R.C. 2929.14(B) and (C), R.C. 2929.19(B)(2), R.C.2929.14(E)(4) and R.C. 2929.41(A), requiring "judicial factfinding before imposition of a sentence greater than the maximum term authorized by a jury verdict or admission of the defendant" and/or consecutive sentences, are unconstitutional. Id. at ¶ 83. The Foster court severed the statutes, and concluded "* * * trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." Id. at ¶ 100.
 {¶ 15} In addition, the state concedes this issue in its brief at 2, 6 and 8-9.
 {¶ 16} In accordance with the directives of the Foster court, we grant the assignments of error and vacate the sentence herein. The matter is remanded to the trial court for resentencing pursuant toFoster.
 II {¶ 17} Appellant claims the trial court erred in finding a mandatory sentence was required for the attempted rape count. We agree.
 {¶ 18} Upon review, we find there is nothing in the record to support a mandatory sentence for the attempted rape count under R.C.2929.13(F)(2) and R.C. 2907.02(B).
 {¶ 19} Assignment of Error II is granted.
 III {¶ 20} Appellant claims the trial court erred in classifying him as a sexual predator. Specifically, appellant claims the trial court failed to comply with R.C. 2950.09(B)(4), failed to make a determination on appellant's status as a habitual sex offender and the classification was inconsistent with the "clear and convincing evidence" standard of R.C.2950.09(B)(3). We agree in part.
 {¶ 21} In State v. Cook (1998), 83 Ohio St.3d 404, the Supreme Court of Ohio determined R.C. Chapter 2950 is remedial in nature and not punitive. As such, we will review this assignment of error under the standard of review contained in C.E. Morris Co. v. FoleyConstruction (1978), 54 Ohio St.2d 279. We find this to be the applicable standard as the Cook court addressed a similar challenge under a manifest weight standard of review. See, Cook at 426.
 {¶ 22} R.C. 2950.01(E) defines a "sexual predator" as "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." R.C. 2950.09(B)(3) sets forth the relevant factors a trial court is to consider in making its determination:
 {¶ 23} "(3) In making a determination under divisions (B)(1) and (4) of this section as to whether an offender is a sexual predator, the judge shall consider all relevant factors, including, but not limited to, all of the following:
 {¶ 24} "(a) The offender's or delinquent child's age;
 {¶ 25} "(b) The offender's or delinquent child's prior criminal or delinquency record regarding all offenses, including, but not limited to, all sexual offenses;
 {¶ 26} "(c) The age of the victim of the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made;
 {¶ 27} "(d) Whether the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made involved multiple victims;
 {¶ 28} "(e) Whether the offender or delinquent child used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 {¶ 29} "(f) If the offender or delinquent child previously has been convicted of or pleaded guilty to, or been adjudicated a delinquent child for committing an act that if committed by an adult would be, a criminal offense, whether the offender or delinquent child completed any sentence or dispositional order imposed for the prior offense or act and, if the prior offense or act was a sex offense or a sexually oriented offense, whether the offender or delinquent child participated in available programs for sexual offenders;
 {¶ 30} "(g) Any mental illness or mental disability of the offender or delinquent child;
 {¶ 31} "(h) The nature of the offender's or delinquent child's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 {¶ 32} "(i) Whether the offender or delinquent child, during the commission of the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made, displayed cruelty or made one or more threats of cruelty;
 {¶ 33} "(j) Any additional behavioral characteristics that contribute to the offender's or delinquent child's conduct."
 {¶ 34} In its judgment entry filed January 18, 2006, the trial court classified appellant as a sexual predator, stating it "considered all evidence and arguments presented by the parties, and all other relevant factors, including but not limited to" the factors listed in R.C.2950.09(B)(3). The trial court did not specifically mention the statute, but listed all of the factors of subsection (B)(3) within the entry. Although the trial court did not mention its determination was made "pursuant to division (B) of this section" as required by R.C.2950.09(B)(4), we find the trial court's specific listing of the factors set forth in subsection (B)(3) to satisfy the requirement of subsection (B)(4).
 {¶ 35} During the classification hearing, the trial court listed the factors in R.C. 2950.09(B)(3) and stated the following:
 {¶ 36} "Based upon my consideration of those matters and the report before the Court, I am finding, Mr. Allenbaugh, by clear and convincing evidence that it is likely that you will engage in one or more future sexually oriented offenses, and that, therefore, I am adjudicating you as a sexual predator." Hearing on Motion for Sexual Predator Determination T. at 8-9.
 {¶ 37} During the sentencing hearing held on the same date, the trial court noted the following:
 {¶ 38} "Your conduct, Mr. Allenbaugh, with regard to the charge of attempted rape was more serious because the injury to the victim was worsened by her tender age. She suffered serious psychological harm. You utilized your relationship with her to conduct the offense and achieve the offense. Furthermore, it was serious because the offense occurred in the vicinity of other children, being your biological children who were oftentimes within the home, although not within the immediate area where the offense was occurring.
 {¶ 39} "* * * My opinion, it is likely that you will reoffend. You have shown absolutely no remorse for your conduct. You have consistently blamed the victim, blamed the victim's mother.
 {¶ 40} "* * *
 {¶ 41} "With regard to the attempted rape offense, you took advantage of the parent/child relationship, to attempt sexual conduct with a very young child within her own home, a place that she had a right to be safe. You conditioned the child to accept your sexual advances. You waited `til her mother, her only source of — of protection within the home was either absent or unavailable to protect her, and you preyed upon her when she was in a totally defenseless state." Sentencing Hearing T. at 13-14 and 15, respectively.
 {¶ 42} We find the trial court's reasoning supports the sexual predator classification and the determination is not against the manifest weight of the evidence.
 {¶ 43} The trial court's judgment entry is silent on the habitual sex offender classification in violation of R.C. 2950.09(E). Pursuant to this court's opinion in State v. Craig, Licking App. No. 2004CA00047,2005-Ohio-81, wherein this court upheld a sexual predator finding but remanded for a determination on the habitual sex offender classification, we remand this issue to the trial court to comply with R.C. 2950.09(E).
 {¶ 44} Assignment of Error III is denied as to the sexual predator classification, but is granted as to the trial court's failure to address the habitual sex offender classification. The issue is remanded to the trial court to make a determination on the habitual sex offender classification.
 V, VI {¶ 45} Appellant claims the trial court erred in accepting his guilty plea for failure to appear when he was released on his own recognizance. Appellant also claims his counsel was ineffective for allowing him to plead guilty to the failure to appear count even though it was not a crime, and for not advising him that his acts did not constitute said offense. We disagree.
 {¶ 46} On June 8, 2004, appellant posted a personal recognizance bond and a $10,000.00 bail bond. Appellant then failed to appear at a pretrial. In State v. Tucker, Fairfield App. No. 2004CA00048,2005-Ohio-4959, this court acknowledged a trial court's right to require multiple forms of bond in order for an accused to be released from jail pending trial. If the accused posts a recognizance bond and fails to appear, the accused may be charged and convicted with failure to appear. During oral argument, appellant conceded the Tucker case applies sub judice. As a result, we do not find any ineffective assistance of counsel on the issue.
 {¶ 47} Assignments of Error V and VI are denied.
 {¶ 48} The judgment of the Court of Common Pleas of Ashland County, Ohio is hereby affirmed in part, and the sentence is vacated. The matter is remanded to saidcourt for resentencing and determination on the habitual sex offender classification.
By Farmer, J.
Gwin, P.J. and
Boggins, J. concur.
JUDGES
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Ashland County, Ohio is affirmed in part, and the sentence is vacated. The matter is remanded to said court for resentencing and determination on the habitual sex offender classification. Costs to appellee.