OPINION
{¶ 1} Defendant-appellant, Dale Lee Green, Jr., appeals the judgment of the Ashtabula County Court of Common Pleas, resentencing him to serve an aggregate prison term of eleven and one half years. For the following reasons, we affirm the decision of the court below. *Page 2 
 {¶ 2} On March 8, 2001, Green was indicted by the Ashtabula County Grand Jury on one count of Aggravated Burglary, a felony of the first degree in violation of R.C. 2911.11(A)(1), and one count of Theft, a felony of the fifth degree in violation of R.C. 2913.02(A)(1). The facts underlying these charges are set forth in State v. Green, 11th Dist. No. 2003-A-0089, 2005-Ohio-3268, at ¶¶ 2-8.
 {¶ 3} Green was arrested and the trial court set bond in the amount of $25,000, "personal recognizance." On March 14, 2001, Green signed a "personal recognizance" which provided as follows: "Be it remembered, that on March 14, 2001[,] Dale Lee Green Jr. * * * personally appeared before me, and * * * acknowledged * * * to owe the State of Ohio, the sum of $25,000.00 * * * to be levied on [his] goods and chattels, lands and tenements, if default be made in the condition following to-wit: The condition of this recognizance is such that if the above bound defendant Dale Lee Green Jr. personally be and appear before the Court of Common Pleas March 14, 2001 and from day to day thereafter * * * until there has been a final disposition of this case." If Green fulfilled the condition, "then this recognizance shall be void; otherwise it shall be and remain in full force and virtue in law."
 {¶ 4} Green failed to appear before the court as required. Green was subsequently arrested and, on April 25, 2003, indicted for Failure to Appear, a felony of the fourth degree in violation of R.C. 2937.99.
 {¶ 5} On May 5, 2003, Green entered pleas of guilty to Aggravated Burglary and Failure to Appear. On June 23, 2003, the trial court imposed a ten-year prison term, the maximum prison term for a first degree felony, pursuant to R.C. 2929.14(A)(1), for the Aggravated Burglary charge. The court imposed an eighteen-month prison term, the *Page 3 
maximum prison term for a fourth degree felony, pursuant to R.C. 2929.14(A)(4), for the Failure to Appear charge. The court ordered both sentences to be served consecutively.
 {¶ 6} Green appealed the sentence imposed. On June 24, 2005, this court reversed Green's sentence and remanded the case for resentencing.Green, 2005-Ohio-3268, at ¶ 30.
 {¶ 7} On August 23, 2005, Green filed a Motion to Withdraw Plea relative to the charge of Failure to Appear.
 {¶ 8} On August 25, 2005, the trial court denied Green's Motion to Withdraw Plea.
 {¶ 9} On August 30, 2005, the trial court again imposed consecutive prison terms of ten years and eighteen months.
 {¶ 10} Green appealed the trial court's denial of his Motion to Withdraw Plea and the imposition of an eleven and one half year sentence. On December 15, 2006, this court vacated Green's sentence and remanded the case for resentencing in accordance with State v.Foster, 109 Ohio St.3d 1, 2006-Ohio-856. State v. Green, 11th Dist. Nos. 2005-A-0069 and 2005-A-0070, 2006-Ohio-6695, at ¶ 17. We further held that Green was barred by the doctrine of res judicata from challenging his conviction for Failure to Appear, since he failed to challenge his plea as to that charge on direct appeal. Id. at ¶ 13.
 {¶ 11} On January 25, 2008, a resentencing hearing was held and the trial court again imposed consecutive prison terms of ten years and eighteen months. *Page 4 
 {¶ 12} Green timely appeals and raises the following assignment of error: "The appellant did not receive the effective assistance of appellate counsel in his first appeal."
 {¶ 13} Green maintains appellate counsel in his original appeal (11th Dist. Case No. 2003-A-0089, 2005-Ohio-3268) was ineffective for failing to challenge his conviction for Failure to Appear, thereby barring Green from appealing the trial court's denial of his Motion to Withdraw the Guilty Plea in his second appeal (11th Dist. Nos. 2005-A-0069 and 2005-A-0070, 2006-Ohio-6695).
 {¶ 14} The State correctly notes that the direct appeal of the trial court's Judgment Entry of Sentence is not the proper procedure for raising claims of ineffective assistance of appellate counsel. The Ohio Supreme Court has held: "Claims of ineffective assistance of appellate counsel may be raised in an application for reconsideration in the court of appeals [now an App. R. 26(B) application for reopening] or in a direct appeal to the Supreme Court pursuant to Section 2(B)(2)(a)(iii), Article IV of the Ohio Constitution." State v. Murnahan (1992),63 Ohio St.3d 60, at paragraph two of the syllabus; State v. Dunn, 2nd Dist. No. 21766, 2007-Ohio-4890, at ¶ 16 (citations omitted).
 {¶ 15} Upon addressing the issue raised, the argument that Green was deprived of the effective assistance of appellate counsel lacks merit. Green asserts the underlying facts of this case, as a matter of law, do not constitute the crime of Failure to Appear. Cf. R.C. 2901.03(A) ("[n]o conduct constitutes a criminal offense against the state unless it is defined as an offense in the Revised Code"). Thus, appellate counsel was ineffective for not challenging Green's entry of a guilty plea to this crime. *Page 5 
 {¶ 16} The crime of Failure to Appear is defined as follows: "No person shall fail to appear as required, after having been released pursuant to section 2937.29 of the Revised Code [Release on own recognizance]." R.C. 2937.99(A). In turn, R.C. 2937.29 provides that, "[w]hen from all the circumstances the court is of the opinion that the accused will appear as required * * *, the accused may be released on his own recognizance."
 {¶ 17} To be convicted under R.C. 2937.99, it is necessary that the defendant be released on his "own recognizance." State v. Fusik, 4th Dist. No. 04CA28, 2005-Ohio-1056, at ¶ 11 ("[t]he Legislature criminalized a defendant's failure to appear when he is released pursuant to R.C. 2937.29, but not his failure to appear when he is released on other types of bond"); 1987 Ohio Atty.Gen.Ops. No. 16, at syllabus ("[w]hen a person has been released on a form of bail other than a release on personal recognizance, the court is limited to the forfeiture of bail proceedings set forth in R.C. 2937.35-.39").
 {¶ 18} Green maintains that he was not released on his "own recognizance" following his arrest for Aggravated Burglary and Theft.
 {¶ 19} A "recognizance" is defined as "[t]he written undertaking by one or more persons to forfeit the sum of money set by the court or magistrate, if the accused is in default for appearance." R.C. 2937.22(C). "A recognizance is in the nature of a conditional confession of judgment, i.e., by signing a recognizance bond, the defendant acknowledges that the monetary sum is already due, but that it is not subject to payment until the conditions of the recognizance are violated." State v. Larsen, 4th Dist. No. 00CA17, 2001-Ohio-2514, at *7;State v. Merlo (April 29, 1981), 9th Dist. No. 9904, 1981 Ohio App. LEXIS 11285, at *7 ("the recognizance acknowledges the sum as being *Page 6 
already due, but not subject to payment until and unless the conditions of the instrument are, in fact[,] broken").
 {¶ 20} A "personal recognizance" is defined as a recognizance undertaken by a defendant and "unsecured by others on his behalf."Merlo, 1981 Ohio App. LEXIS 11285, at *6; Fusik, 2005-Ohio-1056, at ¶ 12, citing Black's Law Dictionary (6 Ed. 1990) 1290 (defining "release on own recognizance" as "[a] species of bail in which the defendant acknowledges personally without sureties his obligation to appear in court at the next hearing or trial date of his case"); State v.Sciance (June 2, 1998), 5th Dist. No. CT97-0037, 1998 Ohio App. LEXIS 3077, at *4, citing Barron's Law Dictionary (3 Ed. 1991) 407 (release on own recognizance defined as "a condition under which an individual is released in lieu of bail, i.e., upon his or her promise to appear and answer a criminal charge") (emphasis sic).
 {¶ 21} The Revised Code prescribes as "sufficient" a particular form of recognizance for an accused. R.C. 2937.44. This prescribed form is virtually identical to the form signed by Green.[1]
 {¶ 22} According to Green, the language contained in his recognizance bond stating that he would "owe the State of Ohio the sum of $25,000.00 * * * to be levied on [his] goods and chattels, lands and tenements" if he failed to appear distinguishes this bond from a true personal recognizance bond. "This additional promise took the bond outside the definition of an `own recognizance' bond." *Page 7 
 {¶ 23} Green misconstrues the recognizance he signed. Green did not promise that he "would owe" the State the sum of $25,000, rather he "acknowledged [himself] to owe" the State this sum. Consistent with the definitions of recognizance given above, the document signed by Green acknowledged the debt as already owing, subject to payment if he violated the condition of the recognizance. Nor do the references to "goods and chattels, lands and tenements" alter the character of the recognizance. This provision merely recognizes the fact that Green's property is subject to levy for the debt acknowledged. Green did not pledge any property as surety for his release. Nor did Green deposit any money. Green's promise to appear in court was secured by nothing other than his recognizance of the debt owed the State of Ohio.
 {¶ 24} Green relies on the Fusik decision, in which the court of appeals reversed a conviction for Failure to Appear, although the defendant had signed a recognizance similar to the one prescribed by R.C.2937.44. Fusik is readily distinguishable, however. InFusik, the recognizance stated that "PAUL FUSIK as principal and KIM BAILEY as surety personally appeared before me, and jointly and severally acknowledged themselves to owe the State of Ohio the sum of $500.00 CASH BOND (10% OF $5,000.00) to be levied on their goods and chattels, land and tenements, if default be made in the condition following * * *." 2005-Ohio-1056, at ¶ 2. The court of appeals refused to recognize this document as a personal recognizance for two reasons. First, the document was not a "personal" recognizance because Kim Bailey signed it as a surety. Second, Fusik's release was not secured by the recognizance but by the fact that Bailey made a cash deposit on the bond of five hundred dollars. Id. at ¶ 12. Cf. *Page 8 Sciance, 1998 Ohio App. LEXIS 3077, at *3-*4 (execution of a $20,000 bond with 10% of that sum secured by real estate, cash, or sureties did not constitute personal recognizance).
 {¶ 25} In the present case, as noted previously, Green's recognizance was not signed by a surety and was unsecured by any deposit of cash or property. Thus, the underlying factual basis of the charges support Green's guilty plea for Failure to Appeal and appellate counsel was not ineffective for not challenging the entry of the plea.
 {¶ 26} Green's sole assignment of error is without merit.
 {¶ 27} The judgment of the Ashtabula County Court of Common Pleas, resentencing Green to a ten-year term of imprisonment for Aggravated Burglary and an eighteen-month term of imprisonment for Failure to Appear, to be served consecutively, is affirmed. Costs to be taxed against appellant.
CYNTHIA WESTCOTT RICE, J., concurs,
COLLEEN MARY O'TOOLE, J., dissents with Dissenting Opinion.
[1] R.C. 2937.44 provides as follows: "RECOGNIZANCE OF THE ACCUSED * * * Be it remembered, that on the . . . day of . . ., E.F. and G.H. personally appeared before me, and jointly and severally acknowledged themselves to owe the state of Ohio, the sum of . . . dollars, to be levied on their goods, chattels, lands, and tenements, if default is made in the condition following, to wit: The condition of this recognizance is such that if the above bound E.F. personally appears before the court of common pleas on the first day of the next term thereof, then and there to answer a charge (here name the offense with which the accused is charged) and abide the judgment of the court and not depart without leave, then this recognizance shall be void; otherwise it shall be and remain in full force and virtue of law."