[Cite as *State v. Stonerock*, 2012-Ohio-2290.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
HIGHLAND COUNTY

STATE OF OHIO,                  :

        Plaintiff-Appellee.         :         Case No: 11CA15

        v.                         :

                                 :         <u>DECISION AND</u>
GILBERT STONEROCK,        :         <u>JUDGMENT ENTRY</u>

        Defendant-Appellant.     :         Filed:  May 7, 2012

---

<u>APPEARANCES:</u>

Eric J. Allen, The Law Office of Eric J. Allen, LTD, Columbus, Ohio, for Appellant.

Anneka P. Collins, Highland County Prosecutor, Hillsboro, Ohio, for Appellee.

---

Kline, J.:

**{¶1}** Gilbert Stonerock (hereinafter "Stonerock") appeals the judgment of the Highland County Court of Common Pleas, which convicted him of unlawful sexual contact with a minor.  On appeal, Stonerock initially contends that the trial court should not have permitted a specific witness to testify.  Because Stonerock suffered no prejudicial effect from the state's failure to disclose this witness, we disagree.  Next, Stonerock contends that the trial court erred in sentencing him to five years in prison. We disagree.  Stonerock's sentence is not clearly and convincingly contrary to law, and we find nothing arbitrary, unreasonable, or unconscionable about a five-year prison term.  Accordingly, we overrule Stonerock's assignments of error and affirm the judgment of the trial court.

I.

{¶2} Stonerock was convicted of Unlawful Sexual Contact With a Minor, a third-degree felony, in violation of R.C. 2907.04(A) and 2907.04(B)(3). The victim was a fourteen-year-old girl with developmental disabilities. According to the victim's mother, the victim has "a lower stability of probably * * * 5th grade now, so she's not up to her 9th grade age." Transcript at 80. Stonerock was living at the victim's residence when the unlawful sexual contact occurred.

{¶3} DNA testing revealed that Stonerock's DNA was found inside the victim's panties. Before Stonerock's trial, the state disclosed that "[t]he following are items of tangible evidence which will be used at trial: 1. Girls Pajama Pants [and] 2. Girls Panties[.]" Compliance With Request for Discovery at 1. The state also disclosed that it would call Shawn Weiss (hereinafter "Weiss") as a witness. Weiss works at LabCorp of America, where he is the Associate Technical Director for Forensic Identity Testing. Weiss's department focuses exclusively on "handling * * * samples that are submitted for DNA testing in criminal cases." Transcript at 140. Finally, the state disclosed that, during Stonerock's trial, it would introduce test results from LabCorp of America.

{¶4} During Stonerock's trial, the state called Weiss to testify. The state, however, had failed to bring Stonerock's DNA swab to the courtroom. Accordingly, before Weiss could testify, the trial court judge held a bench conference and said, "[I]f you don't have the Defendant's DNA I don't see how we can possibly, uh, ask any questions about DNA." Transcript at 113. The trial court then took a recess and allowed the state to find Stonerock's DNA sample.

{¶5} Eventually, Greenfield Chief of Police Tim Hester (hereinafter "Chief Hester") brought Stonerock's DNA swab to the courtroom.  At that point, the state called Chief Hester to testify, and the trial court held the following bench conference:

{¶6} "[Stonerock's Counsel]: Your honor, if it please the Court, * * * we would object to the witness being called at this time, based upon the fact that * * * he was not listed as a witness to be called in this action.

{¶7} "THE COURT: Okay.  And the witness is being called for the purpose of…

{¶8} "[Assistant Prosecutor]: Only for chain of evidence, Your Honor.  It's an omission from the state, but there is no surprise.

{¶9} "THE COURT: Okay.  All right.  Well, uh, the Court will permit the witness. The Court feels that any chain of custody witness is not a matter of substance, it's rather a building block, so-to-speak, and there is no prejudice to be shown by the absence of disclosure, and a witness for that purpose only."  Transcript at 127-128.

{¶10} Chief Hester then testified about chain-of-custody issues.  A short time later, the state recalled Weiss, who testified that Stonerock's DNA was found inside the victim's panties.

{¶11} Eventually, the jury found Stonerock guilty of unlawful sexual contact with a minor, and the trial court sentenced Stonerock to five years in prison.

{¶12} Stonerock appeals and asserts the following two assignments of error: I. "THE TRIAL COURT ERRED IN ALLOWING THE TESTIMONY OF GREENFIELD POLICE CHIEF HESTER WHEN HE WAS NOT LISTED AS A STATE WITNESS AS WELL AS THE DNA SAMPLE OF THE APPELLANT NOT LISTED AS AN EXHIBIT." And, II. "THE TRIAL COURT ABUSED ITS DISCRETION IN SENTENCING THE

DEFENDANT TO THE MAXIMUM SENTENCE OF FIVE YEARS FOR UNLAWFUL

SEXUAL CONDUCT WITH A MINOR."

II.

{¶13} In his first assignment of error, Stonerock contends that the trial court

should not have permitted Chief Hester to testify.

{¶14} "'The admission or exclusion of relevant evidence rests within the sound

discretion of the trial court[,]' and we may not reverse unless there has been an abuse

of that discretion." *State v. Boyd*, 4th Dist. No. 09CA14, 2010-Ohio-1605, ¶ 27, quoting

*State v. Sage*, 31 Ohio St.3d 173, 510 N.E.2d 343 (1987), paragraph two of the

syllabus.  An abuse of discretion connotes more than a mere error of judgment; it

implies that the court's attitude is arbitrary, unreasonable, or unconscionable.  *State v.*

*Adams*, 62 Ohio St.2d 151, 157, 404 N.E.2d 144 (1980).

{¶15} Because the prosecution did not disclose Chief Hester as a witness,

Stonerock argues that the trial court should not have allowed Chief Hester to testify.

Under Crim.R. 16(I), "Each party shall provide to opposing counsel a written witness list,

including names and addresses of any witness it intends to call in its case-in-chief, or

reasonably anticipates calling in rebuttal or surrebuttal."  Here, it is undisputed that

Chief Hester was not on the written witness list.  Therefore, the prosecution did indeed

violate Crim.R. 16(I).  That does not mean, however, that the trial court had to prohibit

Chief Hester from testifying.  On the contrary, when imposing a sanction for a discovery-

rules violation, a trial court "must impose the least severe sanction that is consistent

with the purpose of the rules of discovery."  *City of Lakewood v. Papadelis*, 32 Ohio

St.3d 1, 511 N.E.2d 1138 (1987), paragraph two of the syllabus.  Furthermore,

"[p]rosecutorial violations of Crim.R. 16 are reversible only when there is a showing that (1) the prosecution's failure to disclose was a willful violation of the rule, (2) foreknowledge of the information would have benefited the accused in the preparation of his defense, and (3) the accused suffered some prejudicial effect." *State v. Joseph*, 73 Ohio St.3d 450, 458, 653 N.E.2d 285 (1995). And here, we find that Stonerock suffered no prejudicial effect from the failure to disclose Chief Hester as a witness.

{¶16} The Eleventh Appellate District faced a similar issue in *State v. Reed*, 11th Dist. No. 2004-T-0117, 2005-Ohio-6901. In *Reed*, the state did not disclose the name of two chain-of-custody witnesses until just before trial. On appeal, the defendant claimed that he was prejudiced by the state's failure to disclose these witnesses. The court of appeals disagreed and found the following:

> The trial testimony of [the chain-of-custody witnesses] was ancillary to the admission of the 911 tape and the other physical evidence, essentially the money recovered from [the defendant], entered into evidence. The purpose of their testimony was to authenticate and to establish a chain of custody. Accordingly, defense counsel cannot claim surprise that these witnesses were called to testify and could have easily anticipated that the State would present some witnesses for the purpose of laying a foundation for the admission of the State's physical evidence. *Id.* at ¶ 23.

{¶17} We find that the reasoning of *Reed* applies to the present case. Here, the state disclosed (1) that the victim's pajama bottoms and panties were physical

evidence, (2) that Labcorp of America test results would be used at trial, and (3) that a witness involved in Forensic Identity Testing would testify. As a result, Stonerock's counsel (1) knew that DNA evidence would be a major part of the state's case and (2) could have anticipated that the state would call a witness to testify about the chain of custody of the DNA evidence. Stonerock has not demonstrated how he would have benefited from knowing that Chief Hester, in particular, would testify about chain-of-custody issues. Therefore, despite the Crim.R. 16 violation, we cannot find that Stonerock was prejudiced by the state's failure to disclose Chief Hester as a witness.

{¶18} Accordingly, we overrule Stonerock's first assignment of error.

III.

{¶19} In his second assignment of error, Stonerock contends that the trial court erred in sentencing him to five years in prison. Essentially, Stonerock argues that the trial court abused its discretion by selecting a five-year prison term.

{¶20} We use a two-step approach to review a felony sentence. "First, [we] must examine the sentencing court's compliance with all applicable rules and statutes in imposing the sentence to determine whether the sentence is clearly and convincingly contrary to law. If this first prong is satisfied, the trial court's decision shall be reviewed under an abuse-of-discretion standard." *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, ¶ 4.

{¶21} Here, we find that Stonerock's five-year sentence is not clearly and convincingly contrary to law. In analyzing whether a sentence is contrary to law, "'[t]he only specific guideline is that the sentence must be within the statutory range[.]'" *State v. Hines*, 4th Dist. No. 09CA36, 2010-Ohio-2749, ¶ 7, quoting *State v. Ross*, 4th Dist.

No. 08CA872, 2009-Ohio-877, ¶ 10. *Accord State v. Slagle*, 4th Dist. Nos. 10CA4 &

10CA5, 2011-Ohio-1463, ¶ 9, *overruled in part on other grounds*, *State v. Pierce*, 4th

Dist. No. 10CA10, 2011-Ohio-5353, ¶ 10, fn. 2.

**{¶22}** Stonerock was convicted of a third-degree felony. Under the prior version

of R.C. 2929.14(A)(3), the penalty for a third-degree felony was a "prison term" of "one,

two, three, four, or five years." Therefore, Stonerock's five-year prison term falls within

the permissible statutory range.

**{¶23}** Additionally, courts must consider the general guidance factors set forth in

R.C. 2929.11 and 2929.12. *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845

N.E.2d 470, ¶ 42; *Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, at ¶ 13.

And in its Judgment Entry of Confinement, the trial court referenced both (1) R.C.

2929.11 and (2) the terms "seriousness" and "recidivism" as found in R.C. 2929.12.

Therefore, we find that Stonerock's sentence is not clearly and convincingly contrary to

law. (The Judgment Entry of Confinement also references the former R.C.

2929.13(B)(1), which applied to fourth-and-fifth-degree felonies. Stonerock, however,

was convicted of a third-degree felony. Despite this apparent discrepancy, we find that

Stonerock's sentence is not clearly and convincingly contrary to law because the

Judgment Entry of Confinement also (1) references R.C. 2929.11 by name and (2) uses

language found in R.C. 2929.12. In other words, even if the court considered R.C.

2929.13(B)(1), the court also considered the proper general guidance factors in

sentencing Stonerock. Furthermore, under R.C. 2929.12(A), a trial court "may consider

any other factors that are relevant to achieving [the] purposes and principles of

sentencing." Therefore, the trial court did not necessarily err by relying on R.C.

2929.13(B)(1) in addition to the mandatory general guidance factors.  And finally, Stonerock does not raise any arguments about the trial court's reliance on the former R.C. 2929.13(B)(1).  Therefore, he has forfeited any R.C. 2929.13(B)(1)-related arguments except for plain error.  *See* Crim.R. 52(B).)

**{¶24}** Next, we address whether the trial court abused its discretion in imposing Stonerock's sentence.  "In the sentencing context, we review the trial court's selection of the sentence within the permissible statutory range."  *State v. Smith*, 4th Dist. No. 08CA6, 2009-Ohio-716, ¶ 17, citing *Kalish* at ¶ 17.  Sentencing courts "have full discretion to impose a prison sentence within the statutory range and are [not] required to make findings or give their reasons for imposing maximum * * * or more than the minimum sentences."  *Foster* at paragraph seven of the syllabus; *see also Kalish* at ¶ 11.  "Nevertheless, as mentioned above, courts must still consider the general guidance factors set forth in R.C. 2929.11 and R.C. 2929.12."  *State v. Voycik*, 4th Dist. Nos. 08CA33 & 08CA34, 2009-Ohio-3669, ¶ 14.

**{¶25}** We find that the trial court did not abuse its discretion in imposing Stonerock's prison sentence.  Stonerock argues that his sentence "appears arbitrary." Defendant-Appellant's Merit Brief at 9.  But we have reviewed the record, and we find nothing arbitrary, unreasonable, or unconscionable about Stonerock's sentence.  In our view, several factors support the trial court's selection of a five-year prison term, including the victim's developmental disabilities and Stonerock's position of trust within the victim's household.  *See* R.C. 2929.12(B)(1) and 2929.12(B)(6).

**{¶26}** Accordingly, we overrule Stonerock's second assignment of error.  Having overruled both of his assignments of error, we affirm the judgment of the trial court.

**JUDGMENT AFFIRMED.**

## __JUDGMENT ENTRY__

It is ordered that the JUDGMENT BE AFFIRMED.  Appellant shall pay the costs herein taxed.

The Court finds that there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Highland County Common Pleas Court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.  Exceptions.

Harsha, J. and McFarland, J.:  Concur in Judgment and Opinion.


For the Court


BY:_____
        Roger L. Kline, Judge



## NOTICE TO COUNSEL

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**