[Cite as *State v. Leonard*, 2012-Ohio-4742.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ATHENS COUNTY

State of Ohio,                                          :
                                                       :
      Plaintiff-Appellee,                       :        Case No. 12CA7
                                                       :
      v.                                        :
                                                       :
Ronald Leonard,                                        :        DECISION AND
                                                       :        JUDGMENT ENTRY
      Defendant-Appellant.                      :
                                                       :        Filed: October 9, 2012
                                                       :

APPEARANCES:

Richard H. Hedges, Athens, Ohio, for Appellant.

Keller J. Blackburn, Athens County Prosecuting Attorney, and Merry M. Saunders, Athens County Assistant Prosecuting Attorney, Athens, Ohio, for Appellee.

Kline, J.:

**{¶1}** Ronald Leonard (hereinafter "Leonard") appeals the judgment of the Athens County Court of Common Pleas, which convicted him of failure to appear. On appeal, Leonard initially contends that insufficient evidence supports his conviction. We disagree and find that any rational trier of fact could have found all the essential elements of failure to appear proven beyond a reasonable doubt. Next, Leonard contends that the trial court erred in sentencing him to twelve months in prison. We disagree. Leonard's sentence is not clearly and convincingly contrary to law, and we find nothing arbitrary, unreasonable, or unconscionable about a twelve-month prison term. Accordingly, we overrule Leonard's assignments of error and affirm the judgment of the trial court.

I.

**{¶2}** On July 10, 2008, Leonard was found guilty of cultivation of marihuana. That same day, the trial court released Leonard on a recognizance bond pending his sentencing hearing. Leonard appeared for the sentencing hearing on September 29, 2008, and the trial court sentenced him to three years in prison. *See generally State v. Leonard*, 4th Dist. No. 08CA24, 2009-Ohio-6191 (upholding Leonard's conviction for cultivation of marihuana).

**{¶3}** In sentencing Leonard, the trial court ordered him to "report to Southeastern Ohio Regional Jail on October 9, 2008, by 12:00 p.m., to await transport to the State Penal System." October 1, 2008 Judgment Entry at 2. The trial court did not, however, issue a new recognizance bond after the sentencing hearing.

**{¶4}** Leonard did not report to the Southeastern Ohio Regional jail as ordered. And on October 14, 2008, a warrant was issued for Leonard's arrest. Eventually, Leonard was arrested and charged with failure to appear, a fourth-degree felony, in violation of R.C. 2937.99(A). Leonard's indictment states that

> on or about the 9th **day of October, 2008,** at the County of
>
> Athens aforesaid, **Ronald D. Leonard** did commit the crime
>
> of **Failure to Appear**, did, knowingly or recklessly fail to
>
> appear as required, after having been released pursuant to
>
> Section 2937.29 of the Revised Code in connection with a
>
> felony charge, to wit: Defendant failed to report to the
>
> Southeastern Ohio Regional Jail * * * as ordered in Athens

County Common Pleas Court in Case No. 06CR0087[.]

(Emphasis sic.)

**{¶5}** After a jury trial, Leonard was found guilty of failure to appear. (Leonard was also charged with two counts of possession of drugs, but the jury found him not guilty of those charges.) The trial court then sentenced Leonard to twelve months in prison.

**{¶6}** Leonard appeals and asserts the following assignments of error: I. "The conviction for failure to appear/report as a violation of a Release on Recognizance is against the manifest weight of the evidence." And II. "The Trial Court erred by sentencing the Defendant to prison time in contradiction to [sic] the Revised Code §2929.13(B)(1)(b)(3) which directs the Court to place an individual convicted of a felony of the 4th degree to community control."

II.

**{¶7}** In his first assignment of error, Leonard contends there is insufficient proof that a valid recognizance bond was in place on October 9, 2008. As a result, Leonard argues that he did not violate R.C. 2937.99(A) when he failed to report to the Southeastern Ohio Regional Jail.

**{¶8}** Although Leonard's first assignment of error states that his conviction is against the manifest weight of the evidence, Leonard is actually making an argument based on the sufficiency of the evidence.[1] That is, Leonard contends the state did not

---

[1] Leonard's appellate brief does not contain a legal standard for either a sufficiency-of-the-evidence challenge or a manifest-weight-of-the-evidence challenge. Therefore, his first assignment of error is not entirely clear. We choose a sufficiency review because Leonard's argument focuses on the burden of production, not the burden of persuasion.

prove that he had "been released pursuant to section 2937.29 of the Revised Code[.]"

R.C. 2937.99(A).  Accordingly, we will review Leonard's first assignment of error under

a sufficiency-of-the-evidence standard.

{¶9}    When reviewing a case to determine if the record contains sufficient

evidence to support a criminal conviction, we must

> "examine the evidence admitted at trial to determine whether
>
> such evidence, if believed, would convince the average mind
>
> of the defendant's guilt beyond a reasonable doubt.  The
>
> relevant inquiry is whether, after viewing the evidence in a
>
> light most favorable to the prosecution, any rational trier of
>
> fact could have found the essential elements of the crime
>
> proven beyond a reasonable doubt."  *State v. Smith*, 4th
>
> Dist. No. 06CA7, 2007-Ohio-502, ¶ 33, quoting *State v.*
>
> *Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991),
>
> paragraph two of the syllabus.

*See also Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).

{¶10}  The sufficiency-of-the-evidence test "raises a question of law and does not

allow us to weigh the evidence."  *Smith*, 2007-Ohio-502, at ¶ 34, citing *State v. Martin*,

20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1st Dist.1983).  Instead, the sufficiency-of-

the-evidence test "'gives full play to the responsibility of the trier of fact fairly to resolve

conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences

from basic facts to ultimate facts.'"  *Smith*, 2007-Ohio-502, at ¶ 34, quoting *Jackson* at

*See generally State v. Bonneau*, 8th Dist. No. 97565, 2012-Ohio-3258, ¶ 24-25
(discussing the tests for sufficiency and manifest weight).

319. This court will "reserve the issues of the weight given to the evidence and the credibility of witnesses for the trier of fact." *Smith*, 2007-Ohio-502, at ¶ 34, citing *State v. Thomas*, 70 Ohio St.2d 79, 79-80, 434 N.E.2d 1356 (1982); *State v. DeHass*, 10 Ohio St.2d 230, 227 N.E.2d 212 (1967), paragraph one of the syllabus.

**{¶11}** Here, we find that sufficient evidence supports Leonard's conviction for failure to appear. Under R.C. 2937.99(A), "No person shall fail to appear as required, after having been released pursuant to section 2937.29 of the Revised Code." And R.C. 2937.29 provides: "When from all the circumstances the court is of the opinion that the accused will appear as required, either before or after conviction, the accused may be released on his own recognizance." On appeal, Leonard does not deny that he failed to report to the Southeastern Ohio Regional Jail on October 9, 2008. And despite Leonard's arguments to the contrary, we find there was a valid recognizance bond in place that day.

A.

**{¶12}** Initially, we reject Leonard's argument that the Athens County Court of Common Pleas had to issue a new recognizance bond on the date of sentencing. The July 10, 2008 recognizance bond remained in force until Leonard was to report to Southeastern Ohio Regional Jail.

**{¶13}** Leonard's argument regarding the July 10, 2008 recognizance bond is not entirely clear. Nevertheless, the evidence demonstrates that on July 10, 2008, Leonard was "released pursuant to section 2937.29 of the Revised Code." R.C. 2937.99(A). First, the Athens County Court of Common Pleas set Leonard's bond "at $10,000 with the following conditions[:] signature bond with co-signature. Sign ROR." July 10, 2008

Judgment Entry.  And upon his July 10, 2008 release, Leonard signed two different forms, both entitled "RECOGNIZANCE OF ACCUSED."  (These forms were entered into evidence as "Exhibit 6" and "Exhibit 7.")  A deputy clerk for the Athens County Clerk testified that Exhibit 6 "is the actual release of recognizance of accused form, signed by the person that co-signed the bond and signed by the defendant himself as well."  January 10, 2012 Transcript at 196.  According to the deputy clerk, the co-signer did not deposit cash because "it was a signature bond."  *Id.* at 211.  Moreover, Exhibit 6 does not indicate that either Leonard or the co-signer deposited any cash.  *Compare State v. Fusik*, 4th Dist. No. 04CA28, 2005-Ohio-1056, ¶ 7-19 (reversing a failure-to-appear conviction when the defendant posted both a cash bond and a recognizance bond).  The deputy clerk also testified about Exhibit 7: "Exhibit 7 is release on recognizance of accused.  This form there was no bond ordered.  This was just straight release on recognizance.  Defendant signs this form only.  No one else signs this one."  January 10, 2012 Transcript at 196.  Finally, both Exhibit 6 and Exhibit 7 substantially comply with the "[f]orm of recognizance" found in R.C. 2937.44.

{¶14} In relevant part, the July 10, 2008 forms state the following:

THE CONDITION OF THIS RECOGNIZANCE IS SUCH,

THAT IF THE ABOVE BOUND PERSONALLY BE AND

APPEAR BEFORE SAID COURT OF COMMON PLEAS AT

THE TERM OF SAID COURT AND *UNTIL THE CAUSE IS*

*DISPOSED OF*, THEN AND THERE TO ANSWER A

CHARGE OF

-ILLEGAL CULTIVATION OF MARIHUANA ORC

2925.04(A), F3

AND *ABIDE THE ORDER AND JUDGMENT OF THE*

*COURT*, AND NOT DEPART WITHOUT LEAVE, THEN

THIS RECOGNIZANCE SHALL BE VOID; OTHERWISE IT

SHALL BE AND *REMAIN IN FULL FORCE AND VIRTUE IN*

*LAW*.  (Emphasis added).

According to the plain language of the July 10, 2008 recognizance bond, Leonard was required to appear until the "cause [was] disposed of[.]"  And in applying R.C. 2937.29, we have held that "[t]he execution of appellant's sentence constitutes the final step of the criminal proceedings."  *State v. Hiatt*, 120 Ohio App.3d 247, 255, 697 N.E.2d 1025 (4th Dist.1997).  Therefore, because his cause was not yet disposed of, Leonard's July 10, 2008 recognizance bond remained in "full force" until he was to report to the Southeastern Ohio Regional Jail on October 9, 2008.  *See id.*  The Athens County Court of Common Pleas was not required to issue a new recognizance bond on the date of Leonard's sentencing.

B.

{¶15}  We also reject Leonard's argument that the recognizance bond was somehow negated by the October 14, 2008 arrest warrant.  The arrest warrant was issued on October 14, 2008, but Leonard failed to appear on October 9, 2008.  Therefore, even if the arrest warrant had negated the recognizance bond, the negation would not have occurred until *after* Leonard had violated R.C. 2937.99(A).

C.

**{¶16}** In conclusion, we find sufficient evidence that a valid recognizance bond was in place when Leonard failed to report to the Southeastern Ohio Regional Jail. And after viewing the evidence in a light most favorable to the state, we find that any rational trier of fact could have found all the essential elements of failure to appear proven beyond a reasonable doubt. As a result, we overrule Leonard's first assignment of error.

III.

**{¶17}** In his second assignment of error, Leonard contends that the trial court erred in imposing a twelve-month prison term for failure to appear.

**{¶18}** We use a two-step approach to review a felony sentence. "First, [we] must examine the sentencing court's compliance with all applicable rules and statutes in imposing the sentence to determine whether the sentence is clearly and convincingly contrary to law. If this first prong is satisfied, the trial court's decision shall be reviewed under an abuse-of-discretion standard." *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, ¶ 4.

**{¶19}** Initially, we find that the trial court complied with all applicable rules and statutes. Leonard was convicted of failure to appear, which is a non-violent felony of the fourth degree. *See* R.C. 2929.13(B)(1)(a). However, in committing failure to appear, Leonard violated the conditions of bond as set by the court. Therefore, the trial court was authorized to impose a prison term under R.C. 2929.13(B)(1)(b)(iii). And a twelve-month prison term falls within the permissible statutory range. *See* R.C. 2929.14(A)(4); *State v. Stonerock*, 4th Dist. No. 11CA15, 2012-Ohio-2290, ¶ 21-22. Finally, the trial court considered the general guidance factors set forth in R.C. 2929.11

and 2929.12.  *See State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, ¶ 42; *Kalish* at ¶ 13.  Specifically, the trial court noted that it (1) had considered "the principles and purposes of sentencing under R.C. 2929.11" and (2) had "balanced the seriousness and recidivism factors under R.C. 2929.12."  January 23, 2012 Judgment Entry.  Accordingly, Leonard's twelve-month sentence is not clearly and convincingly contrary to law.

{¶20}  Next, we address whether the trial court abused its discretion in imposing Leonard's sentence.  An abuse of discretion connotes more than a mere error of judgment; it implies that the court's attitude is arbitrary, unreasonable, or unconscionable.  *State v. Adams*, 62 Ohio St.2d 151, 157, 404 N.E.2d 144 (1980).  "In the sentencing context, we review the trial court's selection of the sentence within the permissible statutory range."  *State v. Smith*, 4th Dist. No. 08CA6, 2009-Ohio-716, ¶ 17, citing *Kalish* at ¶ 17.  Sentencing courts "have full discretion to impose a prison sentence within the statutory range and are [not] required to make findings or give their reasons for imposing maximum * * * or more than the minimum sentences."  *Foster* at paragraph seven of the syllabus; *accord Kalish* at ¶ 11.  "Nevertheless, * * * courts must still consider the general guidance factors set forth in R.C. 2929.11 and R.C. 2929.12."  *State v. Voycik*, 4th Dist. Nos. 08CA33 & 08CA34, 2009-Ohio-3669, ¶ 14.

{¶21}  Leonard argues that the trial court should not have imposed a prison term because of R.C. 2929.13(B)(1)(a), which states the following: "Except as provided in [R.C. 2929.13(B)(1)(b)], if an offender is convicted of or pleads guilty to a felony of the fourth or fifth degree that is not an offense of violence, the court shall sentence the offender to a community control sanction of at least one year's duration if all of the

following apply: * * *."  Leonard argues that, because failure to appear is not an offense of violence, the trial court should have imposed a community-control sanction. However, a trial "court has discretion to impose a prison term upon an offender who is convicted of or pleads guilty to a felony of the fourth or fifth degree that is not an offense of violence if * * * [t]he offender violated a term of the conditions of bond as set by the court."  R.C. 2929.13(B)(1)(b)(iii).  And by committing failure to appear, Leonard necessarily violated the conditions of his recognizance bond.  Therefore, the trial court acted within its discretion by imposing a prison term instead of community control. Furthermore, we can find nothing arbitrary, unreasonable, or unconscionable about a twelve-month prison term, especially considering Leonard's prior felony record.  *See* R.C. 2929.12(D)(2).

{¶22}  Accordingly, we overrule Leonard's second assignment of error.  Having overruled both of his assignments of error, we affirm the judgment of the trial court.

**JUDGMENT AFFIRMED.**

## <u>JUDGMENT ENTRY</u>

It is ordered that the JUDGMENT BE AFFIRMED and that Appellant pay the costs herein taxed.

The Court finds that there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Athens County Common Pleas Court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.  Exceptions.

Abele, P.J. and Harsha, J:  Concur in Judgment & Opinion.

For the Court

BY:  _____
Roger L.  Kline, Judge

## NOTICE TO COUNSEL

**Pursuant to Local Rule No.  14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**