[Cite as *State v. Doyle*, 2012-Ohio-5464.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
WASHINGTON COUNTY

| | | |
|---|---|---|
| THE STATE OF OHIO, | : | |
| | : | |
| Plaintiff-Appellee, | : | Case No: 11CA35 |
| | : | |
| v. | : | |
| | : | DECISION AND |
| TROY A. DOYLE, | : | JUDGMENT ENTRY |
| | : | |
| Defendant-Appellant. | : | Filed: October 29, 2012 |

APPEARANCES:

Eric Allen, The Law Office of Eric J. Allen, LTD, Columbus, Ohio, for Appellant.

James Schneider, Washington County Prosecuting Attorney, and Alison L. Cauthorn, Washington County Assistant Prosecuting Attorney, Marietta, Ohio, for Appellee.

Kline, J.:

{¶1} Troy A. Doyle (hereinafter "Doyle") appeals the judgment of the Washington County Court of Common Pleas, which convicted him of breaking and entering. On appeal, Doyle contends that the trial court erred in sentencing him to eleven months in prison. We disagree. Doyle's sentence is not clearly and convincingly contrary to law, and we find nothing arbitrary, unreasonable, or unconscionable about an eleven-month prison term. Accordingly, we overrule Doyle's assignment of error and affirm the judgment of the trial court. However, because of a clerical mistake in the trial court's sentencing entry, we remand this cause to the trial court under App.R. 9(E).

I.

**{¶2}**   Doyle has a lengthy criminal history.  And on March 31, 2011, a Washington County Grand Jury indicted Doyle for (1) breaking and entering, a fifth-degree felony, and (2) theft, also a fifth-degree felony.  After being arraigned, Doyle was released on his own recognizance.

**{¶3}**   A jury trial was scheduled for June 13, 2011, but Doyle did not appear in court that day.  As a result, Doyle was charged with failure to appear, a fourth-degree felony.

**{¶4}**   Eventually, Doyle and the state entered into a plea agreement.  Under the agreement, Doyle pled guilty to breaking and entering, and the state dropped the charges for theft and failure to appear.  The trial court then sentenced Doyle to eleven months in prison.  In relevant part, the trial court found "the following prison factor[] to be present: * * * Defendant violated conditions of bond in this case, in that he failed to appear for the scheduled jury trial."  Sentencing Entry at 2.

**{¶5}**   Doyle appeals and asserts the following assignment of error: "THE TRIAL COURT ABUSED ITS DISCRETION BY USING DISMISSED CONDUCT AGAINST THE APPELLANT."

II.

**{¶6}**   In his sole assignment of error, Doyle contends that the trial court abused its discretion by imposing an eleven-month prison term for breaking and entering.

**{¶7}**   We use a two-step approach to review a felony sentence.  "First, [we] must examine the sentencing court's compliance with all applicable rules and statutes in imposing the sentence to determine whether the sentence is clearly and convincingly contrary to law.  If this first prong is satisfied, the trial court's decision shall be reviewed

under an abuse-of-discretion standard." *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, ¶ 4.

{¶8}    Initially, we find that the trial court complied with all applicable rules and statutes.  Doyle was convicted of breaking and entering, which is a non-violent felony of the fifth degree.  *See* R.C. 2929.13(B)(1)(a).  However, because Doyle did not appear for his scheduled trial date, the trial court was authorized to impose a prison term under R.C. 2929.13(B)(1)(b)(iii).  And an eleven-month prison term falls within the permissible statutory range.  *See* R.C. 2929.14(A)(5); *State v. Stonerock*, 4th Dist. No. 11CA15, 2012-Ohio-2290, ¶ 21-22.  Finally, the trial court considered the general guidance factors set forth in R.C. 2929.11 and 2929.12.  *See State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, ¶ 42; *Kalish* at ¶ 13.  Specifically, the trial court noted that it had "considered * * * the principles and purposes of sentencing pursuant to O.R.C. sections 2929.11 through 2929.19, as to the sentence to be imposed for felony crimes."  Sentencing Entry at 2.  Accordingly, Doyle's eleven-month sentence is not clearly and convincingly contrary to law.

{¶9}    Next, we address whether the trial court abused its discretion in imposing Doyle's sentence.  An abuse of discretion connotes more than a mere error of judgment; it implies that the court's attitude is arbitrary, unreasonable, or unconscionable.  *State v. Adams*, 62 Ohio St.2d 151, 157, 404 N.E.2d 144 (1980).  "In the sentencing context, we review the trial court's selection of the sentence within the permissible statutory range."  *State v. Smith*, 4th Dist. No. 08CA6, 2009-Ohio-716, ¶ 17, citing *Kalish* at ¶ 17.  Sentencing courts "have full discretion to impose a prison sentence within the statutory range and are [not] required to make findings or give their

reasons for imposing maximum * * * or more than the minimum sentences." *Foster* at paragraph seven of the syllabus; *accord Kalish* at ¶ 11. "Nevertheless, * * * courts must still consider the general guidance factors set forth in R.C. 2929.11 and R.C. 2929.12." *State v. Voycik*, 4th Dist. Nos. 08CA33 & 08CA34, 2009-Ohio-3669, ¶ 14.

{¶10} We find that the trial court did not abuse its discretion in imposing Doyle's prison sentence. In sentencing Doyle, the trial court determined that he had "violated conditions of bond in this case, in that he failed to appear for the scheduled jury trial." Sentencing Entry at 2. Doyle takes issue with this particular determination. He claims that mentioning the failure to appear "does not seem to have any bearing on sentencing the defendant for the admitted conduct." Merit Brief of the Appellant at 5. We disagree. Breaking and entering is not an offense of violence. *State v. Summers*, 5th Dist. No. 94-CA-0243, 1995 WL 768590, *3 (Oct. 23, 1995). And "[e]xcept as provided in [R.C. 2929.13(B)(1)(b)], if an offender is convicted of or pleads guilty to a felony of the fourth or fifth degree that is not an offense of violence, the court *shall* sentence the offender to a community control sanction of at least one year's duration if all of the following apply: * * *." (Emphasis added.) R.C. 2929.13(B)(1)(a). Therefore, in many circumstances, a trial court may not impose a prison term for a fourth-or-fifth-degree felony that is not an offense of violence. But a trial "court has discretion to impose a prison term upon an offender who is convicted of or pleads guilty to a felony of the fourth or fifth degree that is not an offense of violence if * * * [t]he offender violated a term of the conditions of bond as set by the court." R.C. 2929.13(B)(1)(b)(iii). Therefore, in sentencing Doyle, the trial court was justified in considering his failure to appear for the scheduled jury trial. And regarding the length of Doyle's sentence, there is nothing arbitrary,

unreasonable, or unconscionable about an eleven-month prison term, especially considering Doyle's lengthy criminal record.  *See* R.C. 2929.12(D)(2).

{¶11}  Accordingly, we overrule Doyle's assignment of error and affirm the judgment of the trial court.  Nevertheless, we remand this matter to the trial court under App.R. 9(E).  The trial court's sentencing entry contains a clerical mistake.  That is, page 4 of the sentencing entry states that Doyle pled guilty "to the crime of THEFT, a fifth degree felony violation of O.R.C. sections 2911.13, as charged in the Indictment[.]" But in reality, Doyle pled guilty to "[b]reaking and entering" in violation of R.C. 2911.13. Therefore, we remand this cause to the trial court under App.R. 9(E), and we instruct the trial court to correct the sentencing entry in accordance with Crim.R. 36.

**CAUSE REMANDED WITH INSTRUCTIONS; JUDGMENT AFFIRMED.**

## **JUDGMENT ENTRY**

It is ordered that THIS CAUSE BE REMANDED WITH INSTRUCTIONS and that the JUDGMENT BE AFFIRMED.  Appellant shall pay the costs herein taxed.

The Court finds that there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Washington County Common Pleas Court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.  Exceptions.

Abele, P.J. and McFarland, J.:  Concur in Judgment & Opinion.

For the Court

BY:_____
      Roger L. Kline, Judge

## **NOTICE TO COUNSEL**

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**